IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMY J. HOLT,

    Plaintiff,

    v.                                          No. CIV 13-0823 MCA/WPL

N.M.C.D. POLICY,
CATHY CATANACH,
MS. MARQUEZ,
MS. CHAVEZ,
MS. J. JARAMILLO,
MR. JERRY ROARK,
ERASMO BRAVO,
N.M.C.D. LEGAL DEPT,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

1

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was given concurrent sentences in his state criminal proceedings.  While Plaintiff was serving these sentences, he came to believe that corrections officials were treating the sentences as consecutive, in violation of his constitutional protection against double jeopardy.  Plaintiff obtained a writ of certiorari from the New Mexico Supreme Court, which ordered the district court to amend its judgments to reflect its imposition of concurrent sentences against Plaintiff.   In spite of these state judicial orders, corrections officials persist in violating Plaintiff's double jeopardy rights by forcing him to serve two terms of parole.  The complaint seeks various forms of equitable relief and damages for false and unlawful incarceration.   Plaintiff he does not ask for release from custody or modification of his sentence.

Plaintiff's claims for wrongful incarceration are not cognizable unless he first obtains relief in a habeas corpus proceeding.  He makes no allegation that either the imposition or execution of his sentence has been "declared invalid by a state tribunal," *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and thus his claims are not cognizable in a § 1983 action, *see id*.  "[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), *quoted in Penrod v. Quick*, 507 F. App'x 775, 777 (10th Cir. 2013); *accord Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007); *and cf. English v. Ghee*, 13 F. App'x 306, 308 (6th Cir. 2001)

(applying *Heck* rule to claims against postjudgment revised parole guidelines if "a ruling would affect the validity of [Plaintiff's] confinement.") (cited with approval in *Paige v. Okla. Dep't of Corr.*, No. CIV-06-1057-C, 2007 WL 1139822, at *4 n.8 (W.D. Okla. Apr. 17, 2007). Under the rulings in *Heck* and *Wilkinson*, Plaintiff's double jeopardy claims are not cognizable in this § 1983 action, and the Court will dismiss the complaint without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that a plaintiff who overturns a conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE